IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW SPENCE,

        Plaintiff,

   v.

UNION SECURITY INSURANCE
COMPANY, dba ASSURANT EMPLOYEE
BENEFITS

        Defendant.

Case No. 6:14-cv-01612-MC

OPINION AND ORDER

MCSHANE, Judge:

Defendant Union Security Insurance Company ("Union Security") moves to dismiss

Plaintiff Matthew Spence's ("Spence") Amended Complaint with prejudice as barred by the

contractual limitations period. Before Oral argument, plaintiff's counsel moved to continue oral

argument, ECF No. 25, and to withdraw as counsel, ECF No. 27. The motion to withdraw is

GRANTED. As oral argument is unnecessary, the motion to postpone is now moot. Turning to

the merits of the motion to dismiss, because Union Security failed to provide Spence adequate

notice of his right to bring a civil action following his final administrative appeal, Union

Security's Motion to Dismiss, ECF No. 9, is DENIED.

1 – OPINION AND ORDER

## BACKGROUND[1]

Spence became disabled on October 1, 2010, and eventually filed for Long Term Disability ("LTD") benefits on May 10, 2012. Spence's application for LTD benefits was denied on August 23, 2012, and Spence appealed the denial of his LTD benefits on February 1, 2013. Spence's LTD benefits were again denied on April 2, 2013, and Spence requested a final administrative review on September 30, 2013. Union Security denied Spence's final appeal in a letter dated November 5, 2013, and stated, "The Appeals process has now been completed. As you were previously advised, this is the last administrative level of appeal available, and Mr. Spence's file is now closed." ECF No. 14; Ex. B at 22.

On October 10, 2014, Spence brought this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* ("ERISA"), seeking unpaid LTD benefits pursuant to the terms of his group LTD plan under 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks these remedies, plus his costs and attorney fees, pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g), as well as ORS 742.061.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

---

[1] The court takes all relevant facts in this opinion from the allegations in the complaint.
2 – OPINION AND ORDER

While considering a motion to dismiss, the court must accept all allegations of material

fact as true and construe in the light most favorable to the non-movant. *Burget v. Lokelani*

*Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to

accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If

the complaint is dismissed, leave to amend should be granted unless the court "determines that

the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*,

58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Spence brought this action more than three years from the commencement date of the

three-year contractual limitation.[2] The issue for this Court is whether Union Security's failure to

substantially comply with 29 U.S.C. § 1133 equitably tolls the contractual limitations period

between Union Security's final adverse benefits determination and the initial filing of this action.

Because Union Security's final adverse benefits determination letter failed to advise Spence of

his right to bring a civil action, or the time in which to do so, I find that Spence's Amended

Complaint is timely.

## I. Final Adverse Benefit Determination Letter

29 U.S.C. § 1133 governs adverse benefit determination letters. It authorizes the

Secretary of Labor to establish regulations explaining the meaning of the statute and requires that

the statute be applied "[i]n accordance with regulations of the Secretary." *Moyer v. Metro. Life*

*Ins. Co.*, 762 F.3d 503, 505 (6th Cir. 2014) (quoting 29 U.S.C. § 1133). The regulations require

that the plan administrator must provide notification of "any adverse benefit determination" and

---

[2] The parties disagree whether the commencement date for purposes of the three-year contractual limitation is the "date of loss" as specified in the policy, or the date by which "written proof of loss is required to be furnished" as specified by Miss. Code. Ann. § 83-9-5. However, the difference is not significant enough to affect whether Spence brought this action before the contractual limitation period expired, so the only issue is that of equitable tolling.

3 – OPINION AND ORDER

include: "[a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action . . . following an adverse benefit determination on review[.]" 29 C.F.R. § 2560.503–1.

An ERISA fiduciary must at all times "discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). The claimant's right to bring a civil action is included as a part of those procedures for which applicable time limits must be provided. *Moyer*, 762 F.3d at 505. *See also Solien v. Raytheon Long Term Disability Plan # 590,* No. CV 07–456 TUC DCB, 2008 WL 2323915, at *7 (D. Ariz. June 2, 2008) ("Judicial review is an appeal procedure for an adverse benefit determination and is therefore a part of the claim procedures covered by these regulations, especially when the time limit for filing a judicial action is established contractually by the Plan."). A plan administrator does not act "solely in the interest of the participants and beneficiaries," if it does not bring to the claimant's attention the plan's time-limit requirements for all review procedures, including the right to sue under ERISA, because an untimely request forecloses all external review of the claim. *Id.* at 8.

When a benefits termination notice fails to explain the proper steps for appeal, the plan's time bar is not triggered. *White v. Jacobs Eng'g Group Long Term Disability Plan*, 896 F.2d 344, 351 (9th Cir. 1989). The statutory mandate to plan administrators to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review" supports this result. *Id.* (quoting 29 U.S.C. § 1133(2)).

Union Security alleges that all three of its denial letters adequately informed Spence of his right to bring a lawsuit under ERISA. However, the final denial letter only stated, "The Appeals process has now been completed. As you were previously advised, this is the last

4 – OPINION AND ORDER

administrative level of appeal available, and Mr. Spence's file is now closed." ECF No. 14; Ex. B at 22. From those two sentences, Spence would not have known that he even had a right to bring a civil action in federal court, much less the time in which to do so. As the Ninth Circuit noted in *White*, when a benefits termination notice fails to explain the proper steps for appeal, the plan's time bar is not triggered. *White*, 896 F.2d at 351.

If this Court were to accept Union Security's position, Spence would have run the contractual limitations period before he ever received his final adverse disability determination. To hold as such would not comply with the ERISA mandate to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review[.]" 29 U.S.C. § 1133(2). Furthermore, Spence would only have run the contractual limitation period before the final adverse benefits letter if the commencement date was the "date of loss," as defined in the policy, as opposed to the date by which "written proof of loss is required to be furnished" as specified in Miss. Code. Ann. § 83-9-5.[3] Using the date by which proof of loss is due in the policy,[4] Spence would still have been within the three-year contractual limitation period when he received the final adverse benefits letter on November 5, 2013. Therefore, by tolling the contractual limitations period due to Union Security's improper adverse benefits letter, Spence's current action is timely.

---

[3] The policy reads, "Delivered in: Mississippi and governed by its laws, unless otherwise preempted by federal law." ECF No. 14; Ex. A, p. 5. *See also Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 614 (2013) ("the vast majority of states require certain insurance policies to include a 3-year limitations periods that run from the date proof of loss is due.")

[4] "Proof must be given within 90 days after the end of your *qualifying period*." ECF No. 14; Ex. A, p. 37 (emphasis in original). "Qualifying period" is defined as "The greater of 3 month(s) or the length of the Qualifying Period under the *prior policy*." *Id.* at 19 (emphasis in original). Neither party has submitted the specific date by which proof of loss should have been provided. Regardless, if the "date of loss" were October 1, 2010, then Spence would have had to submit "proof of loss" within 90 days of the expiration of the Qualifying Period, which is at least three months. Under any calculation, that submission date would have been later than November 5, 2010, which means when Spence received his final adverse benefits letter on November 5, 2013, the contractual limitations period had not yet expired.

5 – OPINION AND ORDER

Why Spence waited nineteen months to file his claim for benefits is unclear from the record, but the delay was not so unreasonable as to render equitable tolling infeasible in this case.

## CONCLUSION

Oral argument on this issue is unnecessary. Union Security did not provide adequate notice because the final adverse benefits determination letter did not inform Spence of his right to bring a civil action or the time in which to do so. Accordingly, this Court will allow for equitable tolling of the contractual limitation period, and Union Security's Motion to Dismiss, ECF No. 9, is DENIED.

The clerk shall mail a copy of this order to Spence. No later than April 24, 2015, Spence shall provide a written status report to the court. That report shall include whether Spence has secured representation or whether Spence intends to proceed *pro se*.

IT IS SO ORDERED.

DATED this 17th day of March, 2015.

Michael McShane
United States District Judge